IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:16-CV-54-BO

FATPIPE, INC.                              )
                                           )
    Plaintiff/Counter-Defendant,       )
                                           )
v.                                         )          O R D E R
                                           )
TALARI NETWORKS, INC.,                     )
                                           )
    Defendant/Counterclaimant.         )

This matter comes before the Court on defendant's motion to stay. [DE 70]. The

appropriate responses and replies have been filed, and the matter is ripe for ruling. A hearing on

this issue was held in Raleigh, North Carolina, on June 23, 2016. For the reasons discussed

below, defendant's motion is denied.

## BACKGROUND

Plaintiff brought this action alleging two counts of patent infringement in the Eastern

District of Texas in May 2015. [DE 1]. In February 2016, the matter was transferred to the

Eastern District of North Carolina. [DE 58]. In April 2016, defendant filed two petitions for *inter*

*partes* review of the patents at issue. [DE 71-1, 71-2]. As a result of these petitions, defendant

moved to stay the instant proceedings pending the *inter partes* review process. [DE 70]. This is

the issue presently before the Court.

## DISCUSSION

The parties agree that three factors govern whether a stay is appropriate in this context:

"(1) 'whether a stay would unduly prejudice the nonmoving party'; (2) 'whether a stay would

simplify [the] issues and the trial of the case'; and (3) 'the stage of the proceedings,' including

whether discovery is complete and a trial date has been set." *Pentair Water Pool & Spa, Inc. v. Hayward Indus., Inc.*, No. 5:11-CV-459-D, 2014 WL 351865, at *2 (E.D.N.C. Jan. 31, 2014) (quoting *Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC*, 464 F.Supp.2d 481, 484 (D.Md.2006)); *see also VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1309 (Fed. Cir. 2014). Here, consideration of the factors and weighing of their relative importance on these facts demands that the motion to stay presently fail.

As to the first factor, whether a stay would unduly prejudice the nonmoving party, the Court finds that this factor weighs against granting a stay. Plaintiff has demonstrated, on paper and at the hearing, that the technology at issue is an important part of its business. Moreover, plaintiff has demonstrated that it risks suffering a loss beyond just lost sales if this litigation is unnecessarily protracted, as such a delay would hamper its ability to protect its intellectual property and bear the concomitant risks of price erosion and loss of market share. Because of the risk that unnecessary delay would "prevent [plaintiff] from asserting its right as a patent holder to enjoin competitors from making or selling its products," the Court finds that this factor presently militates against a stay. *Pentair*, 2014 WL 351865, at *2.

As to the second factor, whether a stay would simplify the issues and trial of the case, the Court finds that this factor weighs heavily against granting a stay. The Patent Trial and Appeal Board (PTAB) must determine whether to institute an *inter partes* review in this case within three months after plaintiff responds or the last date on which plaintiff could respond, if it elects not to do so. 35 U.S.C. § 314(b). As of the time of briefing and hearing, the PTAB had not yet decided whether to implement the *inter partes* review process, and the parties agree that such decision may not be rendered until the fall. If the PTAB declines to consider defendant's petitions then, by necessity, the PTAB will offer no guidance as to the validity of the patents at

2

issue. As a lack of decision on the validity of the patents would do nothing to simplify the matters for trial in this case, the Court would have stayed this matter for months to no helpful end. Accordingly, this factor weighs heavily against granting a stay.

Finally, as to the third factor, the stage of the proceedings, the Court finds that this factor weighs in favor of a stay. Though this matter was filed over a year ago, many of the subsequent months were spent waiting for a decision on the motion to transfer the matter to this district. Since the case has been in this district, the litigation has progressed swiftly—including an accelerated briefing schedule on the instant issue agreed to by the parties. The scheduling order in this matter was just issued last month, and the parties have agreed to move forward with that process within five days of the entry of this Order. As this litigation is in an early stage, the Court finds that this factor weighs in favor of granting a stay.

The Court finds that, on the instant facts, the second factor is most compelling and weighs most heavily. As *inter partes* review is speculative at this stage, the Court is not presently persuaded that a stay would simplify the issues and trial of the case. Accordingly, and in consideration of the other factors, the motion to stay is denied at present. However, the Court notes it would be willing to revisit the issue should the PTAB institute *inter partes* review.

CONCLUSION

For the reasons discussed above, the Court, in its discretion, DENIES the motion to stay. [DE 70].

SO ORDERED, this 29 day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3